## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| SHERI GRELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 18-3101-CV-S-BP |
| | ) |
| DEPARTMENT OF ENERGY, *et al*., | ) |
| | ) |
| Defendants. | ) |

### ORDER (1) GRANTING DEFENDANT'S MOTION TO DENY OR DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

Plaintiff asserts claims of discrimination and retaliation under the Rehabilitation Act, 29 U.S.C. § 791 et seq. Pending is Plaintiff's Motion for Summary Judgment, which seeks an order awarding Plaintiff a judgment on her claim of discrimination based on affidavits, interviews, and other materials accumulated during administrative proceedings. Also pending is Defendant's Motion to Deny or Defer consideration of the motion. For the reasons discussed below, Defendant's motion, (Doc. 21), is **GRANTED** and (2) Plaintiff's Motion for Summary Judgment, (Doc. 20), is **DENIED** without prejudice to Plaintiff's right to file a new motion after discovery has been conducted.[1]

Plaintiff initiated this case on March 27, 2018, and she filed an Amended Complaint on May 1. (Doc. 6.) The Court issued its Rule 16 Order on August 10 and directed the parties to conduct their Rule 26 conference by September 10. (Doc. 12, p. 1.) The Court issued its Scheduling Order on September 28 and set a discovery deadline of January 7, 2019. (Doc. 16, ¶ 6.) Plaintiff filed her Motion for Summary Judgment on October 5.

---

[1] The Court states that it would be unlikely to grant the motion based on Defendant's argument that Local Rule 56.1(a) was violated.

Plaintiff supports her request for summary judgment with affidavits and materials that were included as part of her administrative complaint and the ensuing investigation. Defendant contends that the motion is premature, and the Court agrees with Defendant. The parties have barely had the opportunity to conduct the discovery that they anticipated; in fact, absent an agreement of the parties (which does not appear to have existed), discovery could not have commenced before their conference on September 10. Fed. R. Civ. P. 26(d)(1). "Discovery does not have to be completed before a court can grant summary judgment, but summary judgment is proper only after the nonmovant has had adequate time for discovery." *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.,* 113 F.3d 1484, 1489–90 (8th Cir. 1997) (citations omitted); *see also* Fed. R. Civ. P. 56(d).

Plaintiff contends that Defendant has "not described the specific facts which the defendant hopes to obtain through further discovery . . . provided any assurance that the facts supporting opposition . . . exist, [or] provided any information that might demonstrate that the fact the Defendant seeks are necessary to oppose" the motion. (Doc. 22, p. 3.) The Court disagrees. The case is early in the discovery process, and Defendant cannot reasonably be expected to provide details about the facts; to the contrary, discovery is intended to reveal those details. A motion for summary judgment filed after a mere month of discovery is premature, particularly when (as in this case) the basis for the motion is heavily dependent on the facts.

Pursuant to Rule 56(d)(1), Plaintiff's Motion for Summary Judgment is denied without prejudice.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: October 25, 2018　　　　　　　　　　UNITED STATES DISTRICT COURT